CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6055 / Fax: 702.388.6418
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00181-GMN-DJA |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| NORBERT IKWUEGBUNDO, and OMONIYI JOHNATHAN OMOTERE, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between the parties, Christopher Chiou, Acting United States Attorney for the District of Nevada, Kimberly M. Frayn, Assistant United States Attorney, and defendant Norbert Ikwuegbundo, and his counsel, Rene Valladares, Federal Public Defender, and Nisha Brooks-Whittington, Assistant Federal Public Defender, and defendant Omoniyi Johnathan Omotere, and his counsel Nadia Ahmed, Esq. that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information ("PII"), such as names, addresses, IP addresses, telephone numbers, and bank account numbers, of victims and other third parties in this case.

Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1. The charges in this case are based in part on allegations that the defendants conspired to defraud people seeking to rent houses out of $3.3 million, through a scheme that involved using multiple false identities and counterfeit drivers' licenses.

2. The government intends, in this case, to voluntarily produce discovery materials in which PII makes up a significant part of those materials and such information itself, in many instances, has evidentiary value. Redacting all of the PII will result in the defense receiving a set of discovery materials that may be confusing and difficult to understand and may make it challenging for defense counsel to adequately evaluate the case, provide advice to defendant, and prepare a defense.

3. However, a crime victim has the right to be treated "with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded" such right to privacy, among other rights. § 3771(b)(1).

4. Subject to the conditions listed herein, the government agrees to provide Protected Documents without redacting the PII. The government agrees that any discovery that does not contain PII, or in which all PII has been redacted, is not subject to the terms of this Protective Order.

5. Access to Protected Documents will be restricted to persons authorized by the Court, namely the defendants, attorneys of record and attorneys' paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorneys of record or performing on behalf of defendants.

6. The following restrictions will be placed on defendants, defendant's attorneys and the above-designated individuals unless and until further ordered by the Court. The defendants, defendants' attorneys and the above-designated individuals shall:

  a. Not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person, and will take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person;

  b. Not knowingly allow any other person to read the Protected Documents and will take reasonable steps to prevent any person that is not an authorized person to read the Protected Documents; and,

  c. Not use the Protected Documents for any other purpose other than preparing to defend against the charges in the indictment or any superseding indictment or information arising out of this case.

7. Defendants' attorneys shall inform any person, to whom they disclose the Protected Documents or to whom they know the defendants have disclosed the Protected Documents, of the existence and terms of this Court's order. Further, the defendant's attorney shall take reasonable measure to inform any person, to whom disclosure may be made pursuant to this order, of the existence and terms of this Court's order.

8. No party shall file Protected Documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or the PII is redacted. The procedures for use of Protected Documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider measures such as redacting Protected Documents to remove PII

and requesting that any exhibit containing PII be placed under seal. No party shall disclose Protected Documents in open court without prior consideration by the Court.

9. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, the defendants shall return to defense counsel any and all copies of Protected Documents furnished to defendants.

10. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, defense counsel shall direct all other authorized persons or others defense counsel has reason to believe have obtained copies of the documents, to return copies of Protected Documents to defense counsel's office.

11. At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of Protected Documents in defense counsel's possession, including copies of Protected Documents previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the

/ / /
/ / /
/ / /

final appeal in this matter, or if no appeal was filed, then the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

C
Acting United States Attorney

/s/Kimberly M. Frayn                               9/17/21
KIMBERLY M. FRAYN                          DATE
Assistant United States Attorney

/s/Nisha Brooks-Whittington                 9/17/21
NISHA BROOKS-WHITTINGTON         DATE
Assistant Federal Public Defender
Counsel for Norbert Ikwuegbundo

/s/Norbert Ikwuegbundo                         9/17/21
Norbert Ikwuegbundo                              DATE

/s/Nadia Ahmed, Esq.                            9/17/21
NADIA AHMED, ESQ.
Counsel for Omoniyi Johnathan Omotere

/s/ Omoniyi Johnathan Omotere              9/17/21
Omoniyi Johnathan Omotere                    DATE

**ORDER**

IT IS SO ORDERED this __20th__ day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE